**United States District Court**
For the Northern District of California

1

2

3

4

5              UNITED STATES DISTRICT COURT

6              NORTHERN DISTRICT OF CALIFORNIA

7

8    GREG VARTANIAN,                              No. C-12-0691 EMC

9              Plaintiffs,

10        v.                                      **ORDER DENYING DEFENDANTS'
                                                  MOTION TO STRIKE**
11   NATIONWIDE LEGAL, INC., *et al.*,
                                                  **(Docket No. 24)**
12             Defendants.
     _____/
13

14

15        Pending before the Court is Defendants Nationwide Legal, Inc. and Nationwide Legal,

16   LLC's (collectively, "Nationwide") motion to strike certain allegations in Plaintiff's First Amended

17   Complaint. After reviewing the parties' submissions, and pursuant to Civil Local Rule 7–1(b), the

18   Court determines that the matters are appropriate for resolution without oral argument, and

19   **VACATES** the hearing.  For the reasons set forth below, the Court **DENIES** the motion.

20        Plaintiff filed suit against Nationwide on February 13, 2012, alleging violations of state and

21   federal wage and hour laws on behalf of himself and a purported class of other current and former

22   employees.   Docket No. 1.  On April 18, 2012, Plaintiff filed his First Amended Complaint

23   ("FAC").  Docket No. 20.  The FAC alleges failure to pay overtime wages in violation of the Fair

24   Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and in violation of California Labor Code

25   §§ 510, 558 and the IWC Wage Orders; failure to provide meal and rest breaks; failure to provide

26   reimbursement of business expenses in violation of Labor Code § 2802; failure to keep accurate

27   records of wages and time in violation of Labor Code § 226; and unlawful and unfair business

28

practices in violation of California Business and Professions Code § 17200 *et seq*. ("UCL").  FAC ¶¶ 44, 53.

Defendant's motion seeks to strike Plaintiff's allegations with respect to the UCL, failure to reimburse business expenses under § 2802, failure to keep accurate records under § 226, and penalties under § 558.  Mot. at 2-3.  Defendant argues that these allegations are immaterial and impertinent because they do not relate to what Defendant characterizes as Plaintiff's only two causes of action, which solely address unpaid overtime.  *Id*. at 2.  Defendant also argues that Plaintiff's allegations with respect to sections 558 and 226 should be stricken because penalties under § 558 are time-barred, and because Plaintiff fails to allege any injury under § 226.

Under Federal Rule of Civil Procedure 12(f), "[t]he [C]ourt may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The purpose of a 12(f) motion "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir.2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), *overruled on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)).  "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead."  *Fogerty*, 984 F.2d at 1527.  "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question."  *Id.* at 1527; *see also Whittlestone*, 618 F.3d at 973 (declining to strike a claim for damages "because whether these damages are recoverable pertains directly to the harm being alleged.").

When ruling on a motion to strike, a court views the pleading under attack in the light most favorable to the nonmoving party.  *See RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005).  Courts generally disfavor motions to strike because striking is such a drastic remedy.  *See Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) (stating that "striking a party's pleadings is an extreme measure, and, as a result, we have previously held that 'motions to strike under Fed.R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted'").

Under this standard, Defendant's arguments are unpersuasive.  First, Defendant exalts form over substance in claiming that Plaintiff has raised only two causes of action, and that any remaining

2

United States District Court

For the Northern District of California

1   allegations are therefore impertinent and immaterial.  Although Plaintiff's complaint is inartfully

2   styled in terms of two "counts" (under FLSA and California law), a fair reading of the complaint

3   makes it clear that Plaintiff seeks relief on behalf of himself and a purported class for the additional

4   statutory violations described above as well.  As such, they are clearly related to the substance of

5   Plaintiff's complaint and cannot be stricken.  *See Rosendahl v. Bridgepoint Educ., Inc.*, 11CV61

6   WQH WVG, 2011 WL 4914948, at *9 (S.D. Cal. Oct. 17, 2011) (denying motion to strike because

7   "[t]he paragraphs that Defendants seek to strike contain general factual allegations related to the

8   claims in the Complaint and an allegation that Plaintiffs were damaged").

9       Second, to the extent Defendant seeks to strike Plaintiff's allegations because they fail to

10  state a claim or are legally precluded – *e.g.*, section 558's statute of limitations, or the sufficiency of

11  allegations of harm under section 226 – such arguments are not generally permitted on a motion to

12  strike because "courts are reluctant to determine disputed or substantial questions of law on a motion

13  to strike." *S.E.C. v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995); *see also Whittlestone*, 618

14  F.3d at 976 (holding that Rule 12(f) "does not authorize a district court to dismiss a claim for

15  damages on the basis it is precluded as a matter of law.").  Although courts have sometimes

16  converted a 12(f) motion into a 12(b)(6) motion when the party's arguments are more suited to such

17  a motion, the Court declines to do so in this case given Defendant's rather cursory analysis and both

18  parties' focus on the Rule 12(f) standard in their papers.  In addition, recent Ninth Circuit authority

19  suggests disapproval with such flexible treatment of Rule 12(f) motions.  *See Whittlestone*, 618 F.3d

20  at 974 ("Were we to read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss

21  some or all of a pleading (as Handi-Craft would have us do here), we would be creating

22  redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion (or a

23  motion for summary judgment at a later stage in the proceedings) already serves such a purpose.");

24  *see also Rosendahl v. Bridgepoint Educ., Inc.*, 11CV61 WQH WVG, 2011 WL 4914948, at *9 (S.D.

25  Cal. Oct. 17, 2011) ("The Court finds that the Motion to Strike seeks dismissal of part of the

26  Complaint although a motion under Rule 12(f) is neither an authorized nor a proper way to procure

27  the dismissal of all or a part of a complaint.") (internal citations and quotation marks omitted).

28

1    Accordingly, Defendant's motion to strike is **DENIED**.  The Court notes that Plaintiff has

2  recently filed a motion for leave to file a Second Amended Complaint, which would clarify some of

3  Defendant's concerns noted above and more clearly delineate its causes of action.  The parties are

4  directed to meet and confer and inform the Court via joint letter no later than June 11, 2012 whether

5  the parties can stipulate to the amendment particularly in view of the ruling herein.  If Defendant

6  decides to oppose the motion rather than stipulate, it shall file its opposition pursuant to Local Rule

7  7-3.  No further briefing or argument is necessary unless ordered by the Court, and the motion will

8  be deemed submitted.

9    The CMC previously scheduled for June 11, 2012 is hereby rescheduled for July 13, 2012 at

10  9:00 a.m.

11    This Order disposes of Docket No. 24.

12

13    IT IS SO ORDERED.

14

15  Dated:  June 5, 2012

16    _____

17    EDWARD M. CHEN
     United States District Judge

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

4