**FERNANDO F. CHAVEZ**
ffchavez1530@gmail.com
California Bar No. 86902
**LAW OFFICES OF FERNANDO F. CHAVEZ**
1530 The Alameda, Suite 301
San Jose, CA 95126
(408) 971-3903 – Phone
(408) 971-0117 – Facsimile

Attorneys for Greg Vartanian, Plaintiff

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **GREG VARTANIAN, on behalf of himself and all others similarly situated,** § § § § | |
| **Plaintiffs,** § | **Case No. 3:12-cv-00691-EMC** |
| vs. § | **CORRECTED JOINT STIPULATION AND PROPOSED ORDER TO EXTEND DEADLINES** |
| **NATIONWIDE LEGAL, INC., NATIONWIDE LEGAL, LLC, and DOES 1-100, inclusive.** § § § § | |
| **Defendant.** § | |

Plaintiff, Greg Vartanian, individually, and on behalf of putative class members ("Plaintiffs"), and Defendants, Nationwide Legal, Inc. and Nationwide Legal, LLC ("Defendants"), through their undersigned attorneys, stipulate and respectfully request that this Court approve a continuation of the status conference from July 11, 2013 to July 22, 2013; and continue the continue the hearing on class certification from October 31, 2013 to a date convenient for the Court after November 1, 2013. As grounds for this extension, the parties state as follows:

1. On February 21, 2013 the parties filed a Notice of Stipulation and Order re Continuance of Mediation Completion Date (Doc. 52) requesting that (a) the mediation deadline

CORRECTED JOINT STIPULATION AND PROPOSED ORDER TO EXTEND DEADLINES - 1

be moved to April 29, 2013; (b) the status conference be continued to May 6, 2013; and (c) continuing the deadline for Plaintiff to serve his FLSA and Rule 23 Motion for Class Certification to July 16, 2013.

2.     This Court entered an Order (Doc. 53) on February 25, 2013 (a) continuing the mediation completion date to April 29, 2013; (b) continuing the status conference to May 9, 2013 at 10:30 a.m.; (c) continuing the deadline for Plaintiff to serve his FLSA 216(b) and Rule 23 Class Certification Motion to July 16, 2013; and (d) continuing the hearing on class certification to August 22, 2013 at 1:30 p.m.

3.     The parties were scheduled to mediate this matter on April 24, 2013 with Carol Woodward in San Francisco.

4.     On Sunday, April 21, 2013, Robert Camp, lead counsel for the Plaintiff, had to cancel the mediation due to his father-in-law's terminal illness, which required he and his family to assist in caring for his father-in-law. On April 25, 2013, hospice evaluated the undersigned's father-in-law and determined that he had a two to three week life expectancy. The undersigned's father-in-law passed April 29, 2013 and as such Mr. Camp was out of the office from April 21, 2013 until May 5, 2013.

5.     On April 29, 2013 (Doc. 54) the undersigned, Robert Camp, working from his father-in-law's home through his staff remotely, filed a joint stipulation requesting the enlargement of certain dates as a result of his need to cancel the mediation. However, due to a misunderstanding and confusion on his part, these proposed dates were not agreed upon as represented. Based on previous communications the undersigned believed at the time he had authority from Defense Counsel to move the Court to enlarge the deadline to mediate and to avoid the parties' conflicts the first part of May. As such, Mr. Camp simply moved all deadlines

60 days to accommodate the parties' conflicts previously discussed, utilizing a previous filing as a template for the draft and did not confer again. Accordingly, Defense Counsel did not have an opportunity to review and approve the document before filing, as Mr. Camp did not provide a copy of the stipulation to Defense Counsel. Thus, Defense Counsel was unable to notify Mr. Camp before filing that the dates were unacceptable and as such, this requested correction made by the parties is not the fault of Defense Counsel.

6. The Court granted the stipulation on April, 29, 2013 (Doc. 55).

7. The evening of April 29, 2013, Defense Counsel apprised the undersigned, Robert Camp, of the misrepresentation, that the dates conflicted with her schedule and that her intent was for Plaintiff's Counsel merely to notify the Court the mediation deadline could not be met. Mr. Camp notified Defense Counsel his father-in-law had died earlier that same day and apologized stating he would correct the issue.

8. May 2, 2013, Defense Counsel advised that the dates set forth in the stipulation were acceptable with the exception of the dates setting the Status Conference and Hearing on Class Certification.

9. The undersigned Robert Camp apologizes to this Court for his failure to follow proper protocol and the additional work this correction places on the Court. Mr. Camp states this regrettable situation occurred as a result of his own oversight born out of trying to hurriedly work on this case remotely while at the same time caring for a dying loved one. Mr. Camp states this conduct is not indicative of his professionalism or practice.

10. As such, the parties respectfully request the previous proposed deadlines accepted by the Court regarding the Status Conference and Hearing on Class Certification be amended as follows:

**Status Conference:** J~~uly 22, 2013~~   July 25, 2013 at 10:30 a.m.

**Hearing on Motion for Class Certification:  A date agreeable and convenient for the Court after November 1, 2013.**

11. All the undersigned have conferred and approved the filing of this stipulation.

12. For the above reasons, the parties request that the Court (a) continue the status conference from July 11, 2013 to July 2̸2̸, 2013 [25]; and (b) continue the hearing on class certification on October 13, 2013 to ~~a date convenient for the Court after November 1, 2013.~~ November 14, 2013 at 1:30 p.m.

Dated:  May 6, 2013                    Respectfully submitted,

                                      **THE COCHRAN FIRM, LLC**

                                      /s/ Robert J. Camp
                                      **ROBERT J. CAMP**
                                      rcamp@cochranfirm.com
                                      Admitted *Pro Hac Vice*
                                      1929 3rd Avenue North, Suite 800
                                      Birmingham, AL  35203
                                      (205) 244-1115 – Phone
                                      (205) 244-1171 – Facsimile

                                      **MITCHELL G. ALLEN**
                                      mallen@cwcd.com
                                      **CORY, WATSON, CROWDER AND DEGARIS**
                                        2131 Magnolia Avenue
                                        Birmingham, AL  35205
                                        205-328-2800 – Phone

                                      **FERNANDO CHAVEZ**
                                      fchavez@chavez-deleon.com
                                      California Bar No. 86902
                                      **LAW OFFICES OF FERNANDO F. CHAVEZ**
                                        1530 The Alameda, Suite 301
                                      San Jose, CA 95126
                                      (408) 971-3903 – Phone
                                      (408) 971-0117 – Facsimile

                                      *Attorneys for Plaintiff*
                                      ***GREG VARTANIAN***

– and –

/s/ Michelle La Mar
**MICHELLE LA MAR** (SBN 163038)
mlamar@loeb.com
**JON DARYANANI** (SBN 205149)
jdaryanani@loeb.com
**ERIN SMITH** (SBN 235039)
esmith@loeb.com
**LOEB & LOEB LLP**
10100 Santa Monica Blvd., Ste. 2200
Los Angeles, CA  90067
(310) 282.2000 – Phone
(310) 282.2200 – Facsimile

**MICHAEL E. ADAMS**
equitist@earthlink.net
**LAW OFFICES OF MICHAEL E. ADAMS**
702 Marshall Street, suite 300
Redwood City, CA 94063
(650) 599-9463 – Phone
(650) 599-9785 – Facsimile

*Attorneys for Defendants*
*NATIONWIDE LEGAL, INC. and*
*NATIONWIDE LEGAL, LLC*

IT IS SO ORDERED (AS MODIFIED ABOVE)

_____
EDWARD M. CHEN
UNITED STATES DISTRICT JUDGE



IT IS SO ORDERED AS MODIFIED
Judge Edward M. Chen