UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG VARTANIAN,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONWIDE LEGAL, LLC, et al.,<br><br>    Defendants. | Case No. 12-cv-00691-WHO<br><br>**ORDER DENYING MOTION TO ENFORCE CLASS ACTION SETTLEMENT AND DISMISSING CASE FOR FAILURE TO PROSECUTE**<br><br>Re: Dkt. No. 92 |

Defendants urge me to enforce a Memorandum of Understanding signed but later objected to by plaintiff Greg Vartanian, the only named putative class representative in a wage and hour class action. There is no precedent for what defendant wants to do, and especially given the history of this case it would be inappropriate to create precedent here. Defendants' motion is DENIED.

This putative class action case has had a bumpy history. Soon after the case was assigned to me, a potential conflict arose between plaintiff's counsel and plaintiff. In October 2013, plaintiff's counsel filed papers seeking to withdraw from the case. I held a hearing on those motions. Mr. Vartanian told me, among other things, that he never wanted his lawsuit to be a class action in the first place. With counsels' agreement, I instructed the parties to focus their efforts in the next month on determining whether settlement of Mr. Vartanian's individual claim was possible and, if not, how they would propose that the case proceed. Docket No. 80. At the case management conference in November 2013, the parties announced that a settlement of the claims on a class wide basis had been reached. I therefore denied plaintiff's counsel's motions to withdraw as moot and set January 31, 2014, as the date by which plaintiff needed to file his motion for preliminary approval. Docket Nos. 84, 85.

Two months later, pursuant to the parties' stipulation, I moved the date for filing the

preliminary approval motion from January 31, 2014 to February 14, 2014. Docket No. 88. The date for filing the preliminary approval motion passed. On February 20, 2014, plaintiff's counsel filed a "status report." That report informed the Court that plaintiff's counsel and defense counsel had been working diligently to finalize the settlement documents but "[d]ue to unforeseen circumstances, Plaintiff's Counsel is unable to file the Motion for Preliminary Approval of Settlement Agreement with an executed Stipulation of Settlement and Release," and that "Plaintiff and Defendants have conferred and Defendant has indicated it intends to file a motion to enforce the settlement." Docket No. 89.

On March 5, 2014, defendants filed a motion to enforce the class action settlement. That motion asserts that after two full days of mediation – which plaintiff Vartanian personally attended – the parties had reached a settlement. According to defendants, Mr. Vartanian signed the Memorandum of Understanding reached during the settlement negotiations and that MOU set forth all material terms of the settlement. Docket No. 92. Neither plaintiff's counsel nor plaintiff filed a response or opposition to defendants' motion to enforce the settlement.

On March 26, 2014, I issued an Order to Show Cause. The OSC noted that in violation of the Civil Local Rules, "plaintiff has not filed an opposition or otherwise responded to defendants' motion to enforce. Civ. L.R. 7-3. In violation of this Court's Order, as of this date, plaintiff has not filed his motion for preliminary approval. **All counsel and Mr. Vartanian shall appear on April 9, 2014, at 2:00 p.m. to SHOW CAUSE why this case should not be dismissed for failure to prosecute and failure to comply with the Local Rules and Orders of this Court**. Fed. Rule Civ. Proc. 41(b)." Docket No 97 (emphasis in original).

Defendants filed a written response to the OSC, arguing that the class action settlement agreement should be enforced prior to the action being dismissed. Docket No. 98. Neither plaintiff's counsel nor plaintiff filed any written statement prior to the hearing on the OSC and motion to enforce.

On April 9, 2014, all counsel and plaintiff appeared at the hearing. I explained to counsel that I could not find any authority which would allow me to enforce a class action settlement where the only named plaintiff (and only proposed class representative) refused to sign off on the

1  settlement agreement and there existed obvious friction between plaintiff and his counsel. I also
2  explained that I was inclined to dismiss this case, without prejudice, for failure to prosecute
3  because plaintiff's counsel had repeatedly missed filing deadlines in violation of this Court's
4  orders and the Local Rules.

5  Contrary to defendants' argument, the case law cited in their motion to enforce does not
6  provide authority for this Court to enforce a class action settlement in absence of an agreeable
7  named plaintiff/class representative. In *Schafer v. Litton Loan Servicing, LP*, 2012 U.S. Dist.
8  LEXIS 189829 (C.D. Cal. 2012), one set of the named plaintiffs (the Schafers) objected to the
9  settlement agreement reached between plaintiff's counsel and the defendant. The Schafers were,
10 after a noticed motion and with the advice of pro bono counsel, removed as named plaintiffs and
11 the Court went onto preliminary approve the class action settlement with the remaining named
12 plaintiffs/class representatives agreeing that the settlement was fair, reasonable and adequate. *Id*.
13 at * 14-16. The issue addressed in the opinion relied on by defendants was whether the settlement
14 agreement could be enforced *individually* against the objecting Schafer's, not whether it would be
15 appropriate to enforce a class action settlement where no named plaintiff agreed that it should be
16 preliminarily and finally approved.

17 In order to "enforce" a class action settlement, this Court must determine on preliminary
18 and final approval that Rule 23's prerequisites for class action litigation – (1) numerosity, (2)
19 commonality, (3) typicality, and (4) adequacy of representation – have been met. *See, e.g., Staton*
20 *v. Boeing Co.*, 327 F.3d 938, 953 (9th Cir. 2003). In addition, the Court must ensure that the
21 settlement is "fundamentally fair, adequate, and reasonable." *Id*. at 959. I cannot find that Mr.
22 Vartanian's claims are common, that he is typically situated with absent class members, or that he
23 would be an adequate class representative when he refuses to sign the finalized settlement
24 agreement, asserts he is "dissatisfied" with that agreement, and claims he only signed the MOU
25 "under duress." *See* Docket 101 ("Brief in Support of Judicial Tentative Ruling at Hearing,"
26 submitted by Mr. Vartanian following the April 9 hearing). Just as significantly, I cannot find that
27 plaintiff's counsel are adequate – as required by Rule 23 – when there is evidence on the record of
28 disagreements between plaintiff and his lawyers and plaintiff's counsel have repeatedly failed to

1 follow this Court's Orders and the Local Rules.

2 At the hearing (and in the motion to enforce) defendants stated their intent to seek sanctions against Mr. Vartanian (for his refusal to abide by the MOU) and fees and costs under California Labor Code § 218.5. Any such motions SHALL be filed within twenty (20) days of the date of this Order.

Having considered the arguments and positions expressed by counsel and plaintiff at the April 9, 2014 hearing, and having considered defendant's motion papers, I DENY defendants' motion to enforce and DISMISS this case without prejudice for failure to prosecute pursuant to Rule 41(b). A separate judgment will be entered accordingly.

**IT IS SO ORDERED**.

Dated: April 11, 2014

WILLIAM H. ORRICK
United States District Judge